IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-99-87-D |
| | ) | (No. CIV-12-700-D) |
| CHARLES ANTHONY PERRY, | ) | |
| Defendant. | ) | |

**ORDER OF DISMISSAL**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence [Doc. No. 172], filed *pro se* on June 21, 2012. Defendant seeks relief from a life sentence imposed in June, 2000, and affirmed by the court of appeals in October, 2001. *See United States v. Perry*, 15 F. App'x 713 (10th Cir. 2001). Notwithstanding the one-year time period of § 2255(f), a jurisdictional defect in the Motion is apparent. Defendant previously sought relief under § 2255 in October, 2002, and relief was denied in February, 2003.[1] Thus, prior authorization from the court of appeals to file a second or successive § 2255 motion is required. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A). The record reflects no authorization by the court of appeals for a second or successive filing. In fact, such authorization has previously been denied. *See Perry v. United States*, No. 06-6032, Order (10th Cir. March 2, 2006) (unpublished). Without prior authorization, this Court lacks subject matter jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

---

[1] On appeal, the court of appeals denied a certificate of appealability and dismissed the appeal. *See United States v. Perry*, No. 03-6068, Order (10th Cir. September 24, 2003) (unpublished).

In this situation, the Court must decide whether to dismiss the matter or transfer it to the court of appeals for consideration. The court of appeals has instructed: "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Factors to be considered in deciding whether a transfer is in the interest of justice "include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *See id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Cline*, 531 F.3d at 1252.

Upon examination of the Motion, the Court finds that a transfer to the court of appeals is not warranted. Defendant purports to rely on a recent Supreme Court case, *DePierre v. United States*, 131 S. Ct. 2225 (2011), but his arguments bear no apparent relation to the holding of that decision, which interpreted the meaning of "cocaine base" in 21 U.S.C. § 841(b)(1). The decision in *DePierre* simply does not have the legal meaning or effect that Defendant ascribes to it. Further, Defendant's Motion provides no basis to believe that the authorization standard of § 2255(h) might be met. Specifically, *DePierre* did not establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *See* 28 U.S.C. § 2255(h)(2). Under the circumstances, the Court finds that the proper disposition of this matter is a dismissal for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence [Doc. No. 172] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 2nd day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE